Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000398
30-JUN-2017
08:14 AM

NO. CAAP-15-0000398

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JAMES MUSCARELLA, Plaintiff-Appellee, v.
STAR BEACH BOYS, INC., Defendant-Appellant, and
JOHN DOES 1-5; JANE DOES 1-5; DOE CORPORATIONS 1-5;
DOE PARTNERSHIPS 1-5; DOE NON-PROFIT ORGANIZATIONS 1-5;
and DOE GOVERNMENTAL AGENCIES 1-5, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-1712)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Plaintiff-Appellant James Muscarella (**Muscarella**)

appeals from the Judgment entered against him and in favor of

Defendant-Appellee Star Beach Boys, Inc. (**Star**) on April 7, 2015

(**Judgment**), and challenges the March 23, 2015 Order Denying

Plaintiff James Muscarella's Motion to Identify John Doe 1

Defendant and to Amend Complaint filed on June 13, 2013 (**Order**),

both of which were entered by the Circuit Court of the First

Circuit (**Circuit Court**).[1]

---

[1]    The Honorable Edwin C. Nacino presided.

On appeal, Muscarella contends that the Circuit Court abused its discretion when it denied as untimely his motion to identify John Doe 1 Defendant and to file an amended complaint.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Muscarella's point of error as follows:

Hawai'i Rules of Civil Procedure (**HRCP**) Rule 17(d) (2000) provides, in relevant part:

> (d)  **Unidentified defendant.**
> (1)  When it shall be necessary or proper to make a person a party defendant and the party desiring the inclusion of the person as a party defendant has been unable to ascertain the identity of a defendant, the party desiring the inclusion of the person as a party defendant shall in accordance with the criteria of Rule 11 of these rules set forth in a pleading the person's interest in the action, so much of the identity as is known (and if unknown, a fictitious name shall be used), and shall set forth with specificity all actions already undertaken in a diligent and good-faith effort to ascertain the person's full name and identity.
> . . . .
> (3)  Any party may, by motion for certification, make the name or identity of the party defendant known to the court <u>within a reasonable time after the moving party knew or should have known the name or identity of the party defendant</u>.  The motion shall be supported by affidavit setting forth all facts substantiating the movant's claim that the naming or identification has been made <u>in good faith and with due diligence</u>.  When the naming or identification [of an unknown defendant] is made by a plaintiff, it shall be <u>made prior to the filing of the pretrial statement</u> by that plaintiff, <u>or within such additional time as the court may allow</u>.  The court <u>shall freely grant reasonable extensions</u> of the time in which to name or identify the party defendant to <u>any party exercising due diligence</u> in attempting to ascertain the party defendant's name or identity.

(Emphasis added.)

The primary purpose of this rule is to "toll the statute of limitations with respect to Doe defendants who cannot be identified prior to the running of the statute."  <u>Wakuya v. Oahu Plumbing & Sheet Metal, Ltd.</u>, 65 Haw. 592, 596, 656 P.2d 84,

88 (1982). Here, Muscarella's complaint was filed on June 13, 2013, the last day before the running of the statute of limitations, and it stated claims against Doe Defendants who "are persons, organizations or entities whose identities at the present time are unknown to Plaintiff despite the exercise of due diligence." The complaint further stated, *inter alia*: "Investigation as to the true identities was conducted by Plaintiff. Investigation as to the identity of DOE DEFENDANTS continues[.]" However, the complaint explicitly alleged that Plaintiff was struck or punched by Star employees. In sum, the complaint alleged that Muscarella was assaulted and injured by Star employees whose specific identities were unknown to Muscarella when the complaint was filed.

HRCP Rule 17(d)(3), as set forth above, states that the naming or identification of a Doe defendant must be made prior to filing of the plaintiff's pretrial statement or "within such additional time as the court may allow." The supreme court has repeatedly held:

> As the use of the word "may" implies, the circuit court has discretion to grant extensions of time, and thus we review its orders in this regard for abuse of that discretion. See State v. Kahawai, 103 Hawai'i 462, 465, 83 P.3d 725, 728 (2004) ("The term 'may' [used] in describing the court's power ... denotes discretion."). See also Wakuya v. Oahu Plumbing & Sheet Metal, Ltd., 65 Haw. 592, 597, 656 P.2d 84, 88 (1982) (holding that "the matter of extensions is addressed to the sound judgment of the trial court").

Tri-S Corp. v. Western World Ins. Co., 110 Hawai'i 473, 489, 135 P.3d 82, 98 (2006). "[U]nless the circuit court has extended the time for the filing of the [pretrial] statement or the court has, even after its filing, extended the time for identifying the Doe defendants, the plaintiff *must* submit his identifications *within*

*a reasonable time* following the expiration of the . . . period imposed by [the rules] for the filing of the plaintiff's [pretrial] statement." Wakuya, 65 Haw. at 597, 656 P.2d at 88 (emphases added). HRCP Rule 17(d)(3) also makes clear that, although reasonable extension\ requests should be freely granted, it is nevertheless the plaintiff's burden to set forth facts substantiating his or her claim that the identification was made in good faith and with due diligence.

Here, Muscarella's motion to identify was filed nearly one year after, not prior, to the filing of his pretrial statement. At no time did Muscarella file a motion for extension of time to file either the pretrial statement or the motion to identify. Muscarella's claim that his request for identification of John Doe 1 Defendant was timely was supported only by his counsel's declaration stating that:

> On January 14, 2015, he attended the [Court-Annexed Arbitration Program (**CAAP**)] Arbitration of Plaintiff and based upon the testimony and evidence presented, he believes that Isaac Scharch [(**Scharch**)], not previously identified, was an employee of [Star] who was involved in the attack on Plaintiff and may also be liable for the injuries, damage or loss thereby sustained by [Muscarella]. Therefore, John DOE 1 Defendant should be identified as [Scharch], and a First Amended Complaint be filed.

The record of this case nevertheless demonstrates a complete lack of due diligence to identify Muscarella's alleged assailants prior to the CAAP arbitration hearing and/or prior to Star's motion for summary judgment on all claims against it, which motion Muscarella conceded was well-founded and agreed should be granted. At the time of the alleged assault, Muscarella described his assailants as all wearing Star (uniform) shirts and being Star employees. He reiterated in the complaint

4

that they were Star employees.  Muscarella's May 13, 2014 answers to Star's interrogatories included the following:

> 10. Specify all the steps you took to identify the alleged perpetrators in the incident.
>
> ANSWER: I have not been able to take any steps to identify them because I could not and as far as I know, neither have the police.  The owner of Defendant obviously knows who was working for him that day as does the Hawaiian man who approached me after the attack stating that he saw the whole thing, said he knew the Beachboys guys, and would call the owner on his cell phone, and that the guys would be fined. He even encouraged me to prosecute the guys.

Yet, according to sworn statements by Star's manager and Scharch, Muscarella never made any inquiries to Star or Scharch (who was identified by Star as a witness to the incident) concerning the identity of the alleged attacker(s).  Muscarella never attempted to make any discovery requests, either written interrogatories or depositions, concerning the identity of his alleged assailants.  While Muscarella correctly notes that discovery may be limited during the pendency of a CAAP arbitration pursuant to Rule 14 of the Hawaiʻi Arbitration Rules, he does not assert that he sought or that the CAAP arbitrator disallowed discovery concerning the identity of his alleged assailant.

Under the facts and circumstances of this case, we cannot conclude that the Circuit Court abused its discretion in determining that Muscarella's motion to identify John Doe 1 defendant was untimely.  Therefore, the Circuit Court did not err in denying Muscarella's request to identify Scharch as a defendant in the case.

Because the Doe identification was untimely, the statute of limitations had otherwise run, and summary judgment

had been entered against Muscarella on all of his other claims (against Star), Muscarella's request to file a first amended complaint was futile. Accordingly, the Circuit Court did not abuse its discretion in denying Muscarella's request for leave to file a first amended complaint for the purpose of pleading claims against Scharch. See Office of Hawaiian Affairs v. State, 110 Hawai'i 338, 364-66, 133 P.3d 767, 793-95 (2006) (holding that a court may deny a motion for leave to amend a complaint when the amendments are futile).

For these reasons, the Circuit Court's April 7, 2015 Judgment is affirmed.

DATED: Honolulu, Hawai'i, June 30, 2017.

On the briefs:

Charles H. Brower,
for Plaintiff-Appellant.

Michael Jay Green,
(Law Office of Michael Jay Green),
     and
Earl I. Anzai,
(Law Office of Earl I. Anzai),
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

6